**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS KAMINSKI,**

                           **Petitioner,**

    v.                                                                   **07-CV-01119**

**CALVIN RAPSATT, Superintendent,**

                           **Respondent.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

**I.   INTRODUCTION**

Petitioner Thomas Kaminski ("Kaminski" or "Petitioner"), acting *pro se*, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the Hon. Victor E. Bianchini, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  The Report and Recommendation, dated March 2, 2009, recommended that the petition be denied and the petition dismissed. See Rep. & Rec. [dkt. # 22].

Petitioner filed objections to the Report and Recommendation, see Objections Memorandum ("Petitioner's Memorandum") [dkt. # 25], and Respondent filed a letter brief in opposition.  See Letter Brief in Opposition ("Respondent's Letter Brief") [dkt. # 23].

1

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).  General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).[1]  After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Petitioner's objections to the Report and Recommendation are, for the most part, conclusory arguments or arguments that were presented to Magistrate Judge Bianchini. Having reviewed those arguments and the Report and Recommendation, the Court finds

---

[1] The Southern District wrote in Frankel:

> The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992).  Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

2009 WL 465645, at *2.

2

no clear error and adopts those portions of the Report and Recommendation addressed to these issues.

To the extent Petitioner argues that the magistrate judge erred because he failed to address Petitioner's then-pending state court challenge to his 1979 conviction, the objection is without merit. As explained by Magistrate Judge Bianchini, the instant petition does not challenge Kaminski's 1979 rape conviction (or any of his subsequent convictions) but rather challenges "the New York State Division of Parole's conduct and [Kaminski's 2004] reclassification as a Risk Level 3 Sex Offender" under New York's Sex Offender Registration Act ("SORA").  Rep. Rec. p. 1; see id. at pp. 5-6.  Petitioner's state court challenge to his 1979 conviction is immaterial to the merits of the petition before this Court.  Furthermore, the challenge, which as has since been rejected by the Third Department of the New York State Supreme Court, see People v. Kaminski, 876 N.Y.S.2d 242 (3rd Dept. 2009), would constitute an unexhausted basis for habeas relief.

To the extent Petitioner objects to the Report and Recommendation on the grounds that the magistrate judge failed to apply the pre-amendment version of New York Executive Law § 259-j that was in effect following Kaminski's conviction and which, Kaminski asserts, would have allowed him to receive a parole discharge dispute his rape first degree conviction, the argument is also without merit. Petitioner fails to recognize that Magistrate Judge Bianchini gave several alternative reasons for rejecting Petitioner's claim that he was deprived of his constitutional rights in connection with the discharge application process.  See Rep. Rec. pp. 11- 13.  The Court adopts the alternative reasons and the claim is dismissed for these reasons.

Finally, to the extent Petitioner contends that the magistrate judge erred because

he failed to address Petitioner's challenge to New York's SORA based on a theory of unconstitutional "profiling," the argument is rejected.  The Court adopts Magistrate Judge Bianchini's conclusion that Kaminski's constitutional challenge to New York's SORA is unexhausted and procedurally barred. Id. p. 16-19.

### IV.    CONCLUSION

Having reviewed Judge Bianchini's Report and Recommendation, Petitioner's Memorandum, and Respondent's Letter Brief, the Court adopts Magistrate Judge Bianchini's Report and Recommendation for the reasons stated therein and as addressed above.  Accordingly, it is hereby

**ORDERED** that the petition for a writ of habeas corpus is **DENIED**, and the petition is **DISMISSED**. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, this Court will not issue a certificate of appealability.

**IT IS SO ORDERED**

Dated: June 17, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge